■ HONG YUN CHO, Appellant, v JOEL FRANKS et al., Respondents, et al., Defendant. [724 NYS2d 499] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 1, 1999, as granted those branches of the motion of the defendants Joel Franks and Deana Franks which were for summary judgment dismissing the complaint insofar as asserted against them and for cancellation of the notice of pendency filed in connection with this action, and denied his cross motion for summary judgment on the cause of action for specific performance of the contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

In or about May 1999, the plaintiff entered into a contract to purchase a certain condominium unit from the defendants Joel Franks and Deana Franks. The contract provided that the plaintiff had to obtain a satisfactory mortgage commitment by May 22, 1999. If the plaintiff failed to do so, he was required to so notify the Franks within five business days of May 22, 1999. Upon such notice, the Franks were allowed, within five business days, to elect one of three options, including setting a new contingency date. If they failed to elect any of the specified options, the contract "automatically terminate[d]."

By letter dated May 25, 1999, the plaintiff informed the Franks, *inter alia*, that he needed a "mortgage contingency extension." The Franks failed to respond to this notice within five business days. Subsequently, the plaintiff brought this action seeking, among other things, specific performance of the contract. In the order appealed from, the Supreme Court granted those branches of the Franks' motion which were for summary judgment dismissing the complaint and for cancellation of the notice of pendency, and denied the plaintiff's cross motion for summary judgment on his cause of action for specific performance.

The Supreme Court properly determined that the plaintiff was not entitled to specific performance of the subject contract and that the Franks were entitled to summary judgment dismissing the complaint and for cancellation of the notice of pendency. Pursuant to its plain, unambiguous language, the subject contract automatically terminated upon the failure of the Franks to respond within five business days to the plaintiff's notice requesting an extension of the mortgage contingency date (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.